IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MARKISTA S. HOWARD                                              PLAINTIFF

v.                                           CIVIL ACTION NO. 1:16-cv-00061-GHD-DAS

RUE 21 CORPORATION; VICTORIA
ROBERTS, Store Manager; ANGELA
HANCOCK, District Manager; CHAD
SHAW, Regional Director; and STEPHANIE
MERRITT, Human Resources Manager                                DEFENDANTS

## MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Presently before the Court is a motion to dismiss or, in the alternative, for summary judgment [14] filed by Defendants rue21 Corporation; Victoria Roberts, Store Manager; and Angela Hancock, District Manager. Also before the Court is a motion for leave to file an amended complaint [30] filed by Plaintiff Markista S. Howard. Upon due consideration, the Court finds that the motion to dismiss or, in the alternative, for summary judgment [14] should be granted, and the motion for leave to file an amended complaint [30] should be denied.

### I.  *Factual and Procedural Background*

Plaintiff Markista S. Howard ("Plaintiff") was employed by Defendant rue21 Corporation as a full-time assistant manager at the Starkville, Mississippi store location from to her termination on November 21, 2015.[1] Following her termination, Plaintiff filed an EEOC charge for race discrimination based on her termination, wherein she alleged she was hired by Defendant rue21 Corporation as a full-time assistant manager, but was "treated differently than

---

[1] Although Plaintiff's EEOC charge indicates the termination date was November 24, 2015, *see* Pl.'s EEOC Charge [1] at 7, the termination date was actually November 21, 2015, *see* Pl.'s Compl. [1] ¶ III; Defs.' Answer [12] ¶ III.

1

other assistant managers," who "are Caucasian and African[-]American." EEOC Charge [1] at 7. Plaintiff further alleged in her EEOC charge that although "[m]anagement said [she] was discharged for unprofessional conduct which resulted in a customer complaint," she believed she was discharged because of her color in violation of Title VII. *Id.*[2] The EEOC denied Plaintiff's charge of discrimination and issued a right-to-sue letter. *See* EEOC Dismissal & Notice of Rights [1] at 6.

On April 19, 2016, Plaintiff, proceeding *pro se*, timely filed a form complaint alleging race discrimination under Title VII of the Civil Rights Act of 1964 against her former employer, Defendant rue21 Corporation, a retail company with a store in Starkville, Mississippi, as well as Victoria Roberts, Store Manager, and Angela Hancock, District Manager (collectively, "Defendants"). She alleges she was terminated from her employment due to her color and that she was treated differently than other employees, such as other managers, who were "favored due to favoritism in regards to requests etc[.] being granted during [her] employment that associates received." Pl.'s Compl. [1] ¶ III. Plaintiff seeks back-pay and punitive damages "for stress, lack of financial support for my family, humiliation, embarrassment, and the financial resources" required in seeking other employment. *Id.* ¶¶ IV–V.

The Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* [2], *see* Ct.'s Order [4], and Plaintiff submitted the addresses of Defendants, but also submitted addresses for two additional individuals: Chad Shaw, Regional Director, and Stephanie Merritt, Human Resources Manager, *see* Pl.'s Resp. to Ct.'s Order [6]. These two individuals were not named Defendants in Plaintiff's complaint. The Clerk of Court issued summonses to the two individuals, and the two were served with process, along with the other Defendants in the case.

---

[2] The EEOC charge, which is attached to Plaintiff's complaint, is undated and unsigned. *See* EEOC Charge [1] at 7.

2

On July 8, 2016, Defendants filed an answer [12] to the complaint; on August 4, 2016, Defendants filed the present motion to dismiss or, in the alternative, for summary judgment [14]. Plaintiff has not filed a response to the motion, and the time for doing so has now passed. Accordingly, the Defendants' motion is ripe for review.

On October 20, 2016, Plaintiff filed an amended complaint [20], identical to the original complaint with the addition of Shaw and Merritt. The Defendants filed a motion to strike [21] the amended complaint; the Magistrate Judge granted the motion to strike [20], finding that the amended complaint was untimely filed without leave of Court or the parties' agreement to do so. *See* Ct.'s Order [23] at 1. Plaintiff then filed a motion to amend her complaint [25] to add Shaw and Merritt. The Magistrate Judge denied this motion as procedurally deficient, because Plaintiff did not attach her proposed amended complaint as an exhibit to her motion to amend as required by Rule 15 of the Local Uniform Rules of Civil Procedure; the Magistrate Judge further denied Plaintiff's motion to amend as futile, because Plaintiff's sole claim is employment discrimination based on Title VII and cannot be urged against individuals. *See* Ct.'s Order [28] at 1 (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994)).

On February 21, 2017—while the Defendants' motion to dismiss or, in the alternative, for summary judgment [14] was pending—Plaintiff filed a second motion to amend her complaint [30], wherein she requests leave to file an additional EEOC charge to change the basis of her complaint to harassment and retaliation and hostile work environment but "not . . . racial discrimination."

## II. Legal Standards

As stated, before the Court are the following: Defendants' motion to dismiss or, in the alternative, for summary judgment [14] and Plaintiff's motion for leave to file an amended complaint [30]. The following standards apply.

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

In the case *sub judice*, Defendants attach to their motion a sworn affidavit, which, if considered, would render the motion one for summary judgment. However, at this early juncture of the case, before the parties have engaged in any discovery, the Court finds that entertaining a motion for summary judgment would be premature. Accordingly, the Court excludes from consideration the attached affidavit, considers only the matters presented in the pleadings and documentation attached to the complaint, and applies the standard set forth in Rule 12(b)(6).

Motions to dismiss pursuant to Rule 12(b)(6) "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." ' " *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007))). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.' " *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

When deciding a motion for leave to file an amended complaint, the Court "should freely give leave when justice so requires." *See* FED. R. CIV. P. 15(a). To determine whether to grant the motion for leave to amend, the Court should examine five considerations: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *SGIC Strategic Glob. Inv. Capital, Inc. v. Burger King Europe GmbH*, 839 F.3d 422, 428 (5th Cir. 2016). " '[A] party seeking to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension.' " *Hull v. City of New Orleans, La.*, No. 16-30316, 2016 WL 7118474, at *1 (5th Cir. Dec. 6, 2016) (per curiam) (quoting *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)).

5

With the foregoing standards in mind, the Court turns to the motions and issues before it.

### III. Analysis and Discussion

In their motion to dismiss, Defendants argue that Plaintiff's complaint must be dismissed for failure to state a claim for race discrimination under Title VII. In Plaintiff's motion for leave to file an amended complaint, she concedes that "[t]he issues were not based on racial discrimination," but maintains that her allegations present claims for harassment, retaliation, and hostile work environment, because Plaintiff "spoke to upper management about workplace ethic violations and personal favor requests that were abused by the store manager that caused a hostile working environment." *See* Pl.'s Mot. Leave to File Amend. Compl. [30] at 3; Pl.'s Proposed Second Am. Compl. [30-1] at 1. Plaintiff seeks leave to pursue an EEOC charge and then file an amended complaint based on these claims.

Defendants argue that Plaintiff did not raise these issues at the EEOC level and cannot raise them now. *See Hall v. Cont'l Airlines, Inc.*, 252 F. App'x 650, 653 n.1 (5th Cir. 2007) (per curiam). Defendants further argue that Plaintiff's proposed amended complaint fails to raise a valid claim under Title VII, because the proposed pleading does not state or even imply that her alleged mistreatment resulted from her membership in any particular protected class and therefore that any amendment of the complaint would be futile. Plaintiff has not filed a reply addressing these arguments. The Court finds that Defendants' arguments are well taken.

Title VII is a detailed statutory scheme that "enumerates specific unlawful employment practices" and "provides remedies to employees for injuries related to discriminatory conduct and associated wrongs by employers." *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, ___ U.S. ___, 133 S. Ct. 2517, 2522, 2530 (June 25, 2013). "Title VII is central to the federal policy of

prohibiting wrongful discrimination in the Nation's workplaces and in all sectors of economic endeavor." *Id.*

However, a Title VII claim must be actionable, that is, it must be urged on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-16(a). Plaintiff concedes in her proposed amended complaint that she does not have a race discrimination claim, but does not allege any facts linking any alleged harassment with her color, religion, sex, or national origin, as is required to state a Title VII claim. *See Chhim v. Aldine Indep. Sch. Dist.*, 583 F. App'x 303, 304 (5th Cir. 2014) (per curiam) (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). Plaintiff also does not allege that she was treated differently than other members outside of a protected class of which she was a member, as is required to state a Title VII claim. *See Calloway v. Health & Human Serv. Comm'n 1-1000*, 570 F. App'x 429 (5th Cir. 2014) (per curiam). Finally, she does not attribute her termination to any protected activity under Title VII or any other law. For all of the foregoing reasons, the proposed amendment to her complaint would be futile.

Therefore, the Court finds that Defendants' motion to dismiss or, in the alternative, for summary judgment [14] is well taken, and Plaintiff's motion for leave to file an amended complaint [30] is not well taken. With respect to Defendants' request for an award of costs and expenses in connection with responding to Plaintiff's claims, the Court finds that this request is not well taken, particularly due to Plaintiff's *in forma pauperis, pro se* status.

### IV. Conclusion

In sum, the motion to dismiss or, in the alternative, for summary judgment [14] filed by Defendants rue21 Corporation; Victoria Roberts, Store Manager; and Angela Hancock, District Manager shall be GRANTED except that Defendants shall not be awarded fees and costs in
7

association with their defense of this action; the motion for leave to file an amended complaint [30] filed by Plaintiff Markista S. Howard shall be DENIED; all claims shall be DISMISSED; and this case shall be CLOSED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 29th day of March, 2017.

                                                                                         /s/ Glen H. Davidson
                                                                                         SENIOR U.S. DISTRICT JUDGE